UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
                                                :
TROY MANNING,                                   :
                                                :
                       Petitioner,       :       12 Civ. 3706 (TPG)
                                                :
          – against –                         :       **OPINION**
                                                :
DAVID ROCK, SUPERINTENDENT,                     :
UPSTATE CORRECTIONAL FACILITY,                  :
                                                :
                       Respondent.      :
------------------------------------------------x

On December 5, 2014, this court denied petitioner Troy Manning's petition for a writ of habeas corpus. In that petition, Manning claimed that the state trial court did not make sufficient factual findings to support a decision to close the courtroom during the testimony of an undercover police officer, thus violating Manning's constitutional right to a public trial.

In denying Manning's petition, this court cited to a previous ruling on this issue from the New York Appellate Division, First Department, which found that Manning failed to make a contemporaneous and specific objection to the adequacy of the judge's factual findings regarding the courtroom closure. (Dkt. No. 10 (citing *People v. Manning*, 78 A.D.3d 585, 586 (1st Dep't 2010)).) This court concluded: "In failing to comply with New York's contemporaneous objection rule, Manning

1

neglected to preserve his objection to the trial judge's decision. Accordingly, Manning procedurally defaulted on his constitutional claims, and this court declines to consider the merits of his petition." (Dkt. No. 10.)

Manning, through counsel, now seeks a certificate of appealability ("COA") from this court on three issues: (1) whether the Appellate Division's holding that "the [trial] court failed to set forth adequate findings of fact to justify closure" was "Constitutionally valid," "a firmly established and regularly followed state practice," or an "exorbitant application of a generally sound rule" (internal quotation marks omitted); (2) whether the trial court's order closing the courtroom constituted an "unreasonable application of clearly established Federal law as determined by the Supreme Court of the United States"; and (3) "whether the trial court was required to expressly, on the record, consider and to adopt any reasonable alternatives to closing the courtroom." (Dkt. No. 12 at 2-4.)

A petitioner is entitled to a COA if he has made "a substantial showing of the denial of constitutional right." 28 U.S.C. § 2253. When, as here, the district court denies relief on procedural grounds, a petitioner seeking a COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable

2

whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding. Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal." *Id.* at 484–85 (2000); *see also Rhagi v. Artuz*, 309 F.3d 103, 106–07 (2d Cir. 2002).

After reviewing the record, the court finds that its holding of a procedural default was correct and not "debatable." There is a substantial basis in New York law for the Appellate Division's conclusion that Manning did not make the precise nature of his objection clear to the state trial court at the appropriate time, and thus failed to preserve his constitutional claim for appeal. And, as this court previously held, federal habeas courts have repeatedly recognized New York's contemporaneous objection rule as an independent and adequate state-law ground to deny habeas review. (Dkt. No. 10 (citing *Downs v. Lape*, 657 F.3d 97, 102-104 (2d Cir. 2011); *Kozlowski v. Hulihan*, 511 F. App'x 21, 25-26 (2d Cir. 2013)).)

Because Manning has not made a substantial showing of the denial of a constitutional right, and because there was an independent

and adequate state-law procedural bar precluding federal habeas review, a certificate of appealability will not issue.

SO ORDERED.

Dated: New York, New York
January 12, 2015

*[signature]*

THOMAS P. GRIESA
U.S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/12/15